United States District Court
Southern District of Texas
**ENTERED**
October 29, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIEZER FACUNDO LARA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-8671 |
| | § | |
| RANDY TATE, et al., | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

Eliezer Facundo Lara ("Petitioner"), a citizen of Mexico, entered the United States without inspection in 2005.[1] On September 23, 2026, Petitioner was taken into immigration custody.[2] On September 24, 2026, Petitioner was served with a Notice to Appear, charging him with inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(A)(i).[3] Petitioner remains in immigration custody.[4]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that his detention without a bond hearing violates due process, and that he was arrested without a warrant in violation of the Fourth Amendment.[5] Also pending before the court is

---

[1]Verified Petition for Writ of Habeas Corpus and Declaratory and Injunctive Relief for an Order to Show Cause ("Habeas Petition"), Docket Entry No. 1, p. 4 ¶ 1; Amended Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 5, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Habeas Petition, Docket Entry No. 1, p. 8 ¶ 15.

[3]Notice to Appear, Exhibit 1 to Respondents' MSJ, Docket Entry No. 5-1, pp. 2, 5.

[4]Respondents' MSJ, Docket Entry No. 5, p. 3.

[5]Habeas Petition, Docket Entry No. 1, pp. 9-12 ¶¶ 21-40.

Respondents' Motion for Summary Judgment (Docket Entry No. 5). Respondents argue that Petitioner is legally detained under § 1225(b)(2) because he is an applicant for admission.[6] Petitioner has filed a response.[7]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2). Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026). As explained by the Fifth Circuit in Rodriguez v. Vergara, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (en banc), this mandatory detention does not violate substantive or procedural due process.

Moreover, Petitioner cannot seek habeas relief under the Fourth Amendment. Although Petitioner alleges he was arrested without a warrant, "an illegal arrest has no bearing on the legality of detention following that arrest." Carnesolta v. Tate, Civil Action Number 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026).

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 5) is **GRANTED,** and Petitioner's Verified Petition for Writ of Habeas Corpus and Declaratory and Injunctive Relief for an Order to Show Cause (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 29th day of October, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[6]Respondents' MSJ, Docket Entry No. 5, pp. 1–2.

[7]Petitioner's Response in Opposition to Respondents' Motion for Summary Judgment, Docket Entry No. 6.